Michael J. McCue (NV Bar No. 6055)
MMccue@LRLaw.com
Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398

Attorneys for Plaintiffs
Market Watch Franchise & Consulting, Inc.,
DJoyDevelopment, and Roman F. Zerga

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARKET WATCH FRANCISE & CONSULTING, INC., a Nevada corporation, DJOYDEVELOPMENT, a Nevada corporation, and ROMAN F. ZERGA,<br><br>Plaintiffs,<br><br>vs.<br><br>OLICITY, LLC, a Nevada limited liability company, MALENE HEBJOERN, an individual, and KIM FREDERIKSEN, an individual,<br><br>Defendants. | Case No.<br><br>**TEMPORARY RESTRAINING ORDER, ORDER FOR ALTERNATIVE SERVICE, AND ORDER SETTING HEARING AND BRIEFING SCHEDULE** |

**UPON CONSIDERATION** of the motion filed by Plaintiffs Market Watch Franchise & Consulting, Inc., ("Market Watch"), DJoyDevelopment ("DJOY"), and Roman F. Zerga ("Mr. Zerga") (together "Plaintiffs") for an *ex parte* temporary restraining order, for alternative service, and for a preliminary injunction, the supporting memorandum of points and authorities, the supporting declarations of Mr. Zerga and Jonathan W. Fountain, the record in this case, and for other good cause shown;

**THE COURT HEREBY FINDS THAT:**

1. Plaintiffs are likely to suffer irreparable injury and harm if the Defendants are not temporarily enjoined and restrained from: (a) maintaining a registration for, trafficking in, or using

the <djoystick.com> domain name; (b) using content developed and intended solely for the <djoystick.com> website on the competing <8ightball.com> website; (c) redirecting the <djoyustick.com> domain name to the <8ightball.com> website; (d) maintaining exclusive control over (and failing to deliver to Plaintiffs) content developed and intended solely for: (i) the <djoystick.com> website; (ii) the DJoystick and Macabido Facebook accounts; and (iii) the DJoystick and DJoybeat.com Twitter accounts; and (e) maintaining exclusive control over access to and the administration of: (i) the <djoystick.com> website; (ii) the DJoystick and Macabido Facebook accounts; and (iii) the DJoystick and DJoybeat.com Twitter accounts.

2. Plaintiffs are likely to succeed on the merits of their claims for cybersquatting and conversion or, alternatively, have raised serious questions going to the merits of their cybersquatting and conversion claims and the balance of hardships tips sharply in Plaintiffs' favor;

3. The balance of hardships tips in Plaintiffs' favor because a temporary restraining order would merely place the <djoystick.com> under DJOY's control pending further order of the Court and would place the <8ightball.com> domain name on hold and lock pending further order of the Court, and the failure to issue a temporary restraining order would cause Plaintiffs to suffer additional irreparable injury and incur additional expense if the <djoystick.com> and/or <8ightball.com> domain names are transferred to other registrants during the pendency of this action, requiring Plaintiffs to file additional lawsuit(s) in other jurisdictions;

4. The issuance of a temporary restraining order is in the public interest because it would protect consumers against deception and confusion arising from domain names containing Plaintiffs' DJOYSTICK trademark, and from the use of Plaintiffs' DJOYSTICK trademark, by persons other than Plaintiffs; and

5. Defendants will suffer minimal damage, if any damage at all, by the issuance of a temporary restraining order; accordingly, a nominal deposit in the amount of $100 is reasonable security.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**, pending a full trial on the merits:

6. Defendants, including without limitation, all of their respective managing

members, officers, agents, servants, employees, and all other persons acting in concert or participation with any of them are hereby temporarily restraining and enjoining from:

  A. Registering (or maintaining a registration for), trafficking in, or using any domain name containing the word DJOYSTICK or any confusingly similar variation thereof, alone or in combination with any other letters, words, phrases or designs;

  B. Using or displaying the DJOYSTICK mark or any confusingly similar variation thereof, alone or in combination with any other letters, words, letter strings, phrases or designs in commerce (including, but not limited to, on the <djoystick.com> website, the <8ightball.com> website, any other website, or within any hidden text or metatags on or within any website);

  C. Using or displaying any content developed for the <djoystick.com> website, including, without limitation, source code, text files, image files, sound files, video files, and all other content of any type whatsoever, on any other website, including, without limitation, on the <8ightball.com> website; and

  D. Redirecting the <djoyustick.com> domain name to the <8ightball.com> website.

**IT IS HEREBY FURTHER ORDERED THAT:**

7. Network Solutions, LLC ("Network Solutions") (the domain name registrar) shall, upon notice of this order: (a) transfer the registration for the <djoystick.com> domain name to DJoyDevelopment; and (b) remove or disable the domain name server ("DNS") information for the <8ightball.com> domain name, place the <8ightball.com> domain name on hold and lock, and deposit the <8ightball.com> domain names into the registry of the Court;

8. Defendants shall deliver to Plaintiffs (in native form) all content created by Defendants or obtained by Defendants at any time for: (i) the <djoystick.com> website; (ii) the DJoystick and Macabido Facebook accounts; and (iii) the DJoystick and DJoybeat.com Twitter accounts, including, without limitation, all source code, text files, image files, sound files, video files, and all other content of any nature, type or kind whatsoever;

9. Defendants shall deliver to Plaintiffs all information, including without limitation,

user IDs and passwords, documents, and/or signatures required for Plaintiffs to obtain immediate, complete, and exclusive control over access to and the administration of: (i) the <djoystick.com> website; (ii) the DJoystick and Macabido Facebook accounts; and (iii) the DJoystick and DJoybeat.com Twitter accounts.

**IT IS HEREBY FURTHER ORDERED THAT:**

10. Plaintiffs shall tender $100 to the Clerk of the Court pursuant to Local Rule 67-1, as security for the Court's temporary restraining order;

11. Plaintiffs may serve the Summons, Complaint, this Order, and all other further pleadings, orders, motions, notices, and papers upon the Defendants by email transmission to the email address that Defendants Olicity, LLC ("Olicity") and Kim Frederiksen ("Frederiksen") provided to Network Solutions in connection with the registration of the <djoystick.com> and <8ightball.com> domain names (*i.e.*, kim@olicity.com) in lieu of any other method of service required or permitted by Rules 4 and/or 5 of the Federal Rules of Civil Procedure;

12. The parties shall appear for hearing and oral argument on Plaintiffs' motion for preliminary injunction on May 30, 2013, at 10:00 am in Courtroom 6A, at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada;

13. Defendants shall file and serve its opposition brief to Plaintiffs' motion for preliminary injunction, if any, no later than May 23, 2013; and

14. Plaintiffs shall file and serve their reply brief in support of their motion for preliminary injunction no later than May 28, 2013.

ENTERED: this 17th day of May, 2013 at 11:30 am.

_____
**UNITED STATES DISTRICT JUDGE**

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3495385.1